On October 3, 1945, respondent was injured when a trolley car — in which he was a passenger — was struck by another trolley car. Both cars were operated by the City of New York. Respondent did not serve a notice of claim within the time required by section 50-e of the General Municipal Law, which time expired December 3, 1945. Nine days after the expiration of such period respondent, alleging he had been unable by reason of physical incapacity to serve the notice in time, moved at Special Term for an order granting leave to serve a proposed notice of claim within a reasonable time. The matter was referred to an official referee to hear and report. The official referee reported that claimant was physically incapacitated from October 3, 1945, to December 5, 1945, and recommended that the motion be granted. The order appealed from grants the motion to confirm the report of the official *1068 referee and grants respondent permission to serve the notice of claim within ten days after the entry of the order. Order reversed on the law and the facts, without costs, and the motion denied, without costs. It is undisputed that, despite the injuries to the left shoulder .suffered by respondent, which prevented him from attending to his business until December 5, 1945, four days after the accident he gave all the facts of the accident to one Ruggieri; that six days after the accident he signed a request for a police department report; that twenty-three days after the accident he verified an affidavit in support of a request for the police department report; that the attorney had the report in his possession within a month after the accident, and at least three days before the statutory period expired respondent “ formally ” retained the attorney and agreed to pay him 50% of “recovery or settlement.” Under the circumstances, there was not a showing of physical incapacity within the meaning of the statute, nor was there a showing that the failure to serve the notice of claim within the statutory period resulted from the disability. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.